IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABRINA GRAVELLE, | No. 2:24-CV-2525-DAD-DMC |
| Plaintiff, | |
| v. | ORDER |
| CALEB NEWSOM, et al., | |
| Defendants. | |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by litigants who, as here, have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under this screening provision, the Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this Court must dismiss an action if the Court determines that it lacks subject matter jurisdiction. Pursuant to Rule 12(h)(3), the Court will also consider as a threshold matter whether it has subject-matter jurisdiction.

/ / /

/ / /

1

1          The Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

**I. PLAINTIFFS ALLEGATIONS**

Plaintiff filed the original complaint on September 17, 2024. See ECF No. 1. Plaintiff's 46-page complaint contains an assortment of state court documents regarding a guardianship dispute and a declaration related to that dispute, amended with cross-outs and handwriting on top of the printed words. See id. Additionally, there is a notice of foreclosure, what appears to be a state court docket, and various hand-written pages. According to the handwritten pages, Plaintiff seeks to remove the guardianship matter to federal court "based on the grounds that the case was filed when there was a pending matter concerning the subject of custody, visitation, parenting time at the time petition was granted . . ." Id. at 1. Plaintiff asserts there is a "pending foreclosure on house; emergency orders requested – petitioners home; petitioner requests leave to file additional complaint related." Id. at 2. Additionally, Plaintiff contends that for "guardianship action, parents must be personally served entire petition regardless of supposed waivers signed . . . [I am] supposed to know what the waiver Im (sic) signing pertains to. No service was even attempted so temporary orders could not have been filed to unite parties." Id. at 40. In a state court document, Plaintiff contends that Plaintiff is being denied visitation despite remedying the issues that prevented visitation and that the court appointed guardians failed to notify Plaintiff of issues Plaintiff's children were having in school.

See id. at 42-43. Finally, Plaintiff lists what appears to be around 32 causes of action such as: "failure to join necessary parties . . . threats to harm minor children . . . 1st Amendment . . . 4th right to [indiscernible] papers & effects . . . deprivation of rights . . . fraud . . . abuse, unjust [indiscernible] enrichment." See id. at 44.

## II. DISCUSSION

As currently pled, Plaintiff's operative complaint, ECF No. 1, does not establish subject-matter jurisdiction. See Fed. R. Civ. P. 12(h)(3). While Plaintiff lists causes of action that include constitutional claims, Plaintiff fails to provide facts underlying those claims. Thus, leave to amend is appropriate.

Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id. Plaintiff is informed that the amended complaint must include all allegations and Defendants Plaintiff seeks to include in this action. The Court will not look to prior or subsequent filings to supplement the amended complaint.

## III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how

1  each named defendant is involved and must set forth some affirmative link or connection between
2  each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167
3  (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
4        Finally, Plaintiff is warned that failure to file an amended complaint within the
5  time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at
6  1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply
7  with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).
8  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).
9        Accordingly, IT IS HEREBY ORDERED that:
10        1.    Plaintiff's original complaint, ECF No. 1, is dismissed with leave to
11  amend; and
12        2.    Plaintiff shall file a first amended complaint within 30 days of the date of
13  service of this order.

17  Dated:  April 17, 2025

                                  DENNIS M. COTA
                                  UNITED STATES MAGISTRATE JUDGE